**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Opulent Treasures, Inc.,

Plaintiff,

v.

The Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified on Schedule A Hereto,

Defendants.

Case No. 23-cv-01283

Honorable Harry D. Leinenweber

**DEFENDANTS NOS. 9, 19, 20, 22, AND 26's EMERGENCY MOTION TO DISSOLVE PRELIMINARY INJUNCTION ORDER**

Pursuant to paragraph 10 of the March 23, 2023 Preliminary Injunction Order (ECF 24), Defendants Gooteff Direct Sale (Def. 9), Ounewxy (Def. 19); Pazstarle (Def. 20); QPOR (Def. 22); and Tcomhk (Def. 26) (collectively, "Defendants") hereby move to dissolve the Preliminary Injunction Order before Defendants' inventory must be returned or liquidated by amazon.com in June 2023. In support of their motion, Defendants submit the Declaration of Zhiwei Xu ("Xu Decl."), the Declaration of Yunbiao Chen ("Chen Decl."), and the Declaration of Daniel Konieczny ("Konieczny Decl."), attached hereto as Exhibits A-C, and further state as follows:

**FACTUAL BACKGROUND**

1. Defendants operate Amazon and/or Walmart storefronts and offer for sale various multi-piece cake stand sets under an assortment of brands. Defendants lawfully acquire the cake stand sets from third party manufacturers. (Xu Decl. at ¶¶ 2-13; Chen Decl. at ¶ 3.) Illustrative photos of select cake stand sets that Defendants offer for sale, which Plaintiff represents to Defendants' counsel as infringing products, are attached as Exhibits D-J and are reproduced below: (Xu Decl. at ¶¶ 2-13; Chen Decl. at ¶ 4.)



| Ounewxy brand (Exh. G) | QPOR brand (Exh. J) |
| --- | --- |
| Ounewxy brand (Exh. F) | Tcomhk brand (Exh. D) |



| Pazstarle brand (Exh. I) | Gootef and Pazstarle brands (Exhs. E, H) |
|---|---|

2. In the Complaint, Plaintiff generically alleges trademark and copyright infringement against approximately 140 storefronts. Plaintiff asserts infringement against a total of five trademark and eight copyright registrations. (ECF 1 at 2-5). Plaintiff does *not* make any allegations specific to Defendants in the Complaint (ECF 1).

3. Plaintiff moved for Temporary Restraining Order on March 1, 2023, and moved for Preliminary Injunction on March 20, 2023. Plaintiff does *not* make any allegations specific to Defendants in the Motion papers. Specifically, Plaintiff does *not* specify which trademark or copyright is allegedly infringed by Defendants in the Motion for Temporary Restraining Order (ECF 10-1) or in the Motion for Preliminary Injunction (ECF 18-1). Instead, Plaintiff presented to the Court a 2,000-page exhibit as support to its Motion for Temporary Restraining Order and included a few low-resolution screenshots of Defendants' product listing pages in the exhibit without any explanation of their relevance to Plaintiff's infringement claims (ECF 11).

4. On March 23, based on Plaintiff's representations, the Court granted Plaintiff's Motion for Preliminary Injunction as to Defendants (ECF 24). Paragraph 10 of the Preliminary Injunction Order states that "[a]ny Defendants that are subject to this Order may appear and

move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court." (ECF 24, ¶ 10.)

5. On April 5 and April 6, counsel for Defendants filed an appearance and orally requested a 30-day extension of the time to answer or otherwise plead, which the Court granted during the April 6 hearing in this matter. (ECF 33, 36; Konieczny Decl. at ¶ 2.)

6. On April 20, and again on April 24, Defendants' counsel corresponded with Plaintiffs' counsel seeking information relating to Plaintiff's claims against Defendants. (Konieczny Decl. at ¶¶ 3-4.) On April 26, Plaintiff's counsel responded with an email that attached screenshots of Defendants' product listing pages and asserted that Defendants "are selling infringing OPULENT TREASURES products that embody the entirety of my client's federally registered copyrighted work." (Konieczny Decl. at ¶ 5, email chain attached as Exhibit K.) The email did not make any specific comparisons, but instead referred generally to copyright registrations attached to the Complaint. (*Id.*) The email did not refer to or assert any claims of federal or state trademark infringement or false designation of origin claims. (*Id.*)

7. On April 28, Defendants' counsel responded with an email that included a comparison of Defendants' products with the alleged copyright registrations and asserted no actionable similarity between the designs. (Konieczny Decl. at ¶ 6, Exhibit K.) Defendants' counsel requested that Plaintiff explain its copyright infringement theory against Defendants. (*Id.*) Plaintiff's counsel did not respond to Defendants' counsel's April 28 email. (*Id.*)

8. Nevertheless, the Preliminary Injunction Order has prevented Defendants from selling the accused cake stand products on Amazon.com and Walmart.com (Xu Decl. at ¶ 16; Chen Decl. at ¶ 5.) Because the Spring/early Summer season is a favorable time to sell cake

stands, Defendants are suffering ongoing and irreparable harm due to the injunction on sales of these products. (Xu Decl. at ¶ 16; Chen Decl. at ¶ 6.)

9. In addition, Defendants have inventory of hundreds of the cake stand products held at amazon.com warehouses. (Xu Decl. at ¶¶ 18-22; Chen Decl. at ¶ 7.) According to Amazon's policies, Defendants must remove the inventories from Amazon's warehouses if the products are enjoined from sale. (Xu Decl. at ¶ 17; Chen Decl. at ¶ 7.) If Defendants do not pay for the returns and the listings are not restored for sale within certain period, the inventories are subject to disposal by Amazon. (Xu Decl. at ¶ 17; Chen Decl. at ¶ 7.) Thus, unless the Preliminary Injunction Order is dissolved as applied to Defendants, they will suffer substantial further harm due to the expense of returning the inventories or the loss of inventory due to disposal. (Xu Decl. at ¶ 23; Chen Decl. at ¶ 7.)

## ARGUMENT

**Plaintiff has not met its burden to establish a likelihood of success on the merits.**

10. The Court should dissolve the Preliminary Injunction Order as applied to the movant Defendants because Plaintiff has not established a likelihood of success on its copyright claim, which Plaintiff represents to be the only claim asserted against the movant Defendants.

11. A preliminary injunction is "an extraordinary remedy never awarded as of right" and "an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020). The plaintiff carries the burden to show that "it has some likelihood of prevailing on the merits of its claims." *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). All Plaintiff has done here is attach screenshots of Defendants' product listings and assert generically that Defendants are infringing Plaintiff's allegedly copyrighted cake stand designs. (ECF 10-1 at 17-19, describing "just one example" of alleged copyright infringement, based on an image of a different defendant's product.) Where, as

here, Plaintiff asserts a total of eight copyright registrations but does not provide *any* analysis on how Defendants' products infringe on any of the eight registrations, Plaintiff has failed its burden to show likelihood of prevailing on the merits of its claims.

12. To state a claim for copyright infringement, Plaintiff must allege: (1) ownership of a valid copyright; and (2) unauthorized copying of the copyrighted work's "original" elements. *Peters v. West*, 692 F.3d 629, 632 (7th Cir. 2012). Where, as here, there is no direct evidence of copying, the similarity of the copyright and the accused product must be evaluated to establish unauthorized copying. *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1099 (7th Cir. 2017). To establish an inference of copying, Plaintiff either must provide evidence of access to the copyrighted design *and* "substantial similarity," or—in the absence of evidence of access—evidence of "striking similarity" between the designs. *Id.* at 1100. Because Plaintiff has not made any specific allegations that Defendants had access to the copyrighted designs, Plaintiff needs to meet the more stringent "striking similarity" standard to establish likelihood of success.

13. Substantial similarity is determined from the point of view of an ordinary observer, and it requires a determination of "whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of substance and value." *Id.* at 1101. This test focuses only on protectible expression, as opposed to public domain designs:

> Similarity by itself—even close similarity—should not automatically spark an inference of unlawful copying. Countless ideas, themes, images, and even home designs crowd the public domain. They are available to all: no one can claim a copyright in an expression in the public domain.

*Id.* at 1101. In contrast, striking similarity requires that the designs be nearly identical to each other and not to public domain designs. *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1170 (7th Cir. 1997).

14. Furthermore, copyright protection does not extend to functional elements of a copyrighted design: "a feature of the design of a useful article is eligible for copyright if, when identified and imagined apart from the useful article, it would qualify as a pictorial, graphic, or sculptural work either on its own or when fixed in some other tangible medium." *Star Athletica LLC v. Varsity Brands, Inc.*, 580 U.S. 405, 417 (2017); *see also Williams Elecs., Inc. v. Bally Mfg. Corp.*, 568 F. Supp. 1274, 1280 (N.D. Ill. 1983) ("copyright protects only those elements superfluous to the functional aspects of the article"); *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 284 F. Supp. 2d 1069, 1077 (N.D. Ill. 2003); *Durham Industries Inc. v. Tomy Corp.*, 630 F.2d 905, 913 (2d Cir. 1980) (mechanical, utilitarian aspects of games, including their physical shapes and dimensions are not copyrightable). When both protectible and unprotectible elements are part of the design, a "more discerning" analysis is required. *See Stiles v. HarperCollins Publrs. LLC*, 801 F. Supp. 2d 233, 239 (S.D.N.Y. 2011) ("Where, as here, the works at issue contain both protectible and nonprotectible elements, the analysis should be 'more discerning'—that is, the court should 'attempt to extract the unprotectible elements from [its] consideration and ask whether the protectible elements, standing alone, are substantially similar.'").

15. Stripping away the functional thus nonprotectible elements, the ornamental features of the cake stands design are not similar under any standard of similarity, as explained further below. Imposing an injunction under these circumstances effectively allows Plaintiff to corner the market on decorative cake stands while this lawsuit proceeds. Such a result greatly exceeds the scope of copyright protection, which is to protect against improper copying of a specific design. *See Design Basics, LLC v. Signature Constr., Inc.*, 994 F.3d 879, 889 (7th Cir. 2021) ("copyright never extends to an idea, procedure, principle, or concept. Copyright protects only expression; patent law is the proper instrument for protecting functionality").

16. A visual comparison of the non-functional design elements shows that Plaintiff has no likelihood of success on its copyright claims, regardless of whether the Court applies the "substantially similar" standard, a more "discerning" substantially similar standard, or the more exacting "striking similarity" standard. Visual comparison shows that they are similar only in that they are all decorative cake stands, and they all have functional elements such as using a base and stem supporting a platform to hold cake, or they embody the concept of a tiered cake stand having a plurality of platforms spaced apart and assembled in upwardly stacked relation.

17. The overall designs of exemplar products (or component of the multi piece sets) are shown below next to select copyrighted designs for comparison[1]:

| **Alleged Copyrighted Designs** | **Accused Ounewxy Products** |
|---|---|
| | Exh. F. |

[1] Plaintiff has not responded to Defendants' requests to explain its copyright infringement theories against Defendants' products. *See supra* at ¶7. Defendants' analysis is based on their selection of exemplar products and copyrighted designs. Defendants reserve the right to rebut any infringement theory that Plaintiff may propose opposing the Motion.



| **Alleged Copyrighted Designs** | **Accused Tcomhk Products** |
| --- | --- |
| | Exh. D. |
| **Alleged Copyrighted Designs** | **Accused QPOR Products** |
| | Exh. J. |



| <u>**Alleged Copyrighted Designs**</u> | <u>**Accused Gootef and Pazstarle Products**</u> |
| --- | --- |
| | Exhs. E & H |

18. There are three arguably non-functional elements in the various allegedly copyrighted designs: (1) the lamp-like pedestal base; (2) the lace that hangs below the pedestal cake stand; and (3) the pattern on the cylindrical cake stand. None of these elements are similar to the corresponding elements of the accused products. For example, Plaintiff's pedestal base has a thick, smooth cylinder on the bottom, topped with an ornately trumpet-like cone, and topped with a molded slim stem. The pedestal bases of Defendants' Ounewxy products have no bottom cylinder, have a domes-shaped cone, and have a different molded thick stem. The pedestal bases of the Tcomhk product have no bottom cylinder, a dome-shaped cone, and a straight stem.

| **PLAINTIFF'S BASE** | **DEFENDANTS' BASES** | |
|---|---|---|
|  | | |
| | Ounewxy brand | Tcomhk brand |

19. Plaintiff's hanging lace design also is not similar to Defendant's hanging lace design. The lace patterns are different. For example, Plaintiff's design has a repeating heart shape motif. The top edge of the lace has protruding dots. The bottom edge of the lace is marked by pointed corners and has a zig-zag feel. Defendants' Ounewxy product has a repeating shallow scallop motif. The top edge of the lace is smooth. The bottom edge of the lace has smooth curves. Defendants' Tcomhk product has a similar lace design as the Ounewxy product.

| **PLAINTIFF'S LACE** | **DEFENDANTS' LACES** | |
|---|---|---|
| | | |
| | Ounewxy brand | Tcomhk Brand |

20. Plaintiff's lace patterns on the cylindrical stands also lack similarity with Defendant's pattern. For example, one copyrighted lace pattern has repeating square panels where each panel consists of four heart shapes all pointing towards the center of the panel. The panels are separated from each other by vertical lines dotted with buttons. The other copyrighted lace pattern features jewels placed prominently in the center of each square panel. The individual panels in Plaintiff's lace patterns are highly symmetrical. Defendants' lace patterns, on the other

hand, contain minimal symmetry, repeat less often, do not have heart shapes, and incorporate a fleur-du-lis-like motif.



| | |
|---|---|
| **<u>Plaintiff's Cylinder Designs</u>** | |
| **<u>Gootef and Pazstarle Cylinder Design</u>** | |

21. In sum, an ordinary observer would recognize all these products as decorative cake stands, but there is no suggestion of copying. Plaintiff has the burden to establish that it has

a likelihood of success on its claim, and Plaintiff has not—and based on visual comparison cannot—meet its burden with respect to Defendants' products.

**The balancing of hardships favors dissolving the Preliminary Injunction Order.**

22. In addition to failing to establish a likelihood of success on the merits, Plaintiff has not established that the balance of hardships is in Plaintiff's favor. Even if all other elements for a preliminary injunction are satisfied, the injunction should not be entered if the balancing of harms weighs against it. *See Michigan v. U.S. Army Corps of Engineers*, 667 F.3d 765, 789 (7th Cir. 2011). "This balancing process involves a 'sliding scale' approach: the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." *Mays*, 974 F.3d at 818.

23. Here, the balance of hardships favors dissolving the Preliminary Injunction Order. Defendants' products are simply different kinds of cake stand designs. Thus, there is little hardship to Plaintiff if Defendants are able again to sell their own cake stands.

24. In contrast, if the Preliminary Injunction Order is not dissolved, Defendants' business of selling cake stands will be frozen at a time of year when cake stands are in particular demand. (Xu Decl. at ¶ 16; Chen Decl. at ¶ 6.) In addition, Defendants must arrange for the removal of the inventories at Defendants' expense in June or otherwise may lose their inventories due to disposal. (Xu Decl. at ¶ 17; Chen Decl. at ¶ 7.) The destruction of inventory is the opposite of preserving the status quo, which is the purpose of any preliminary injunction, and it will cause losses to Defendants greatly in excess of the $5,000 bond that Plaintiff posted. Defendants thus are locked out of the market at a critical time *and* stand to lose substantial parts of their inventory to liquidation. There is no justification for Defendants having to sustain this hardship, especially where there is no plausible copyright infringement.

WHEREFORE, Defendants respectfully request that the Court dissolve the Preliminary Injunction Order (ECF 24) as to the moving Defendants and grant all further relief appropriate in the circumstances.

Dated: May 5, 2023

Respectfully Submitted,

**Defendants Gooteff Direct Sale (Def. 9), ounewxy (Def. 19), Pazstarle (Def. 20), QPOR (Def. 22), and Tcomhk (Def. 26).**

By: /s/ Daniel I. Konieczny
One of Its Attorneys

Hua Chen
SCIENBIZIP, P.C.
550 S. Hope Street, Suite 2825
Los Angeles, California 90071
Telephone: (213) 426-1771
huachen@scienbizippc.com

Daniel I. Konieczny (#6275293)
TABET DIVITO & ROTHSTEIN LLC
209 S. LaSalle St., 7th Floor
Chicago, IL 60604
Telephone: (312) 762-9450
Facsimile: (312) 762-9451
dkonieczny@tdrlaw.com